UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-070-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TERRANCE FRANK PULLUM, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On September 3, 2015, in the Eastern District of Kentucky, Defendant Terrance Pullum was indicted for conspiracy to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Record No. 1] The defendant has elected to proceed *pro se*, but has been appointed counsel under the Criminal Justice Act on a stand-by basis. [Record Nos. 206, 207] The matter is pending for consideration of three of Pullum's recent *pro se* motions, filed September 22, 2016. [Record Nos. 212, 214, 215] For the reasons that follow, the motions will be denied.

In his first motion, the defendant challenges the Court's subject matter jurisdiction over this case. [Record No. 212] Specifically, he contends that he was "not involved in commerce at the time of the arrest." *Id.* at 1. It is well-established, however, that 21 U.S.C. § 841(a)(1) is a valid exercise of the Congressional commerce power. *See United States v. Collier*, 246 F. App'x 321, 337 (6th Cir. 2007). Congress may regulate activity that occurs wholly within a particular state if the activity has a sufficient nexus to interstate commerce. *See id.* Further, a case-by-case jurisdictional finding is unnecessary in drug trafficking cases, because the activity always implicates interstate commercial concerns. *United States v. Tucker*, 90 F.3d

1135, 1140–41 (6th Cir. 1996). *See also United States v. Genao*, 79 F.3d 1333, 1336 (2d Cir. 1996) (upholding § 846, noting "[b]ecause narcotics trafficking represents a type of activity that Congress reasonably found substantially affected interstate commerce, the actual effect that each drug conspiracy has on interstate commerce is constitutionally irrelevant"). Pullum's argument to the contrary is without merit.

The defendant also moves to dismiss "for lack of territorial jurisdiction." [Record No. 214] Pullum contends that this matter must be dismissed due to the "lack of exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity . . . took place." *Id.* The defendant appears to argue that § 841 is invalid and, accordingly, this Court cannot have jurisdiction based on events that allegedly occurred in Fayette County, Kentucky. A defendant must be tried in the state or district where the crime was committed. *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir. 1984). In conspiracy cases, venue is proper "in any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed. A conspiracy defendant need not have entered the district so long as this standard is met." *Id.* Fayette County lies within the Eastern District of Kentucky. 28 U.S.C. § 97. In short, this Court is the proper forum for the resolution of the charges against the defendant.

Finally, Pullum has filed a documented styled "notice of motion constitutional question and challenge and motion to intervene with an injunction." [Record No. 215] Pullum has provided an affidavit in which he states that 21 U.S.C. §§ 841 and 846 violate the Tenth Amendment and *Bond v. United States*, 564 U.S. 211 (2011), as well as his "common and natural law rights." *Id.* at p. 2. The defendant includes a purported disclaimer at the conclusion

of the document in which he advises the Court it has 72 hours to "rebut" his affidavit, or the "contract" becomes law. *Id.*

As explained, §§ 841 and 846 are well within Congress' authority to regulate interstate commerce. *Bond* has no bearing on this matter. It involved a challenge to 18 U.S.C. § 229, which forbids knowing possession or use of a chemical that can cause death, temporary incapacitation or permanent harm. 564 U.S. at 215. Further, the Supreme Court merely held that the petitioner had standing to challenge the federal statute and did not address the statute's validity. *Id.* at 214. Because the constitutionality of 21 U.S.C. §§ 841 and 846 have already been decided, further proceedings regarding these issues are inappropriate. *See Protestants v. United States*, 435 F.2d 627, 629 (1970) (citing *Bailey v. Patterson*, 369 U.S. 31 (1962)).

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The defendant's motion challenging subject matter jurisdiction [Record No. 212] is **DENIED**.

2. The defendant's motion to dismiss for lack of territorial jurisdiction [Record No. 214] is **DENIED**.

3. The defendant's "motion constitutional question and challenge and motion to intervene with injunction" [Record No. 215] is **DENIED**.

This 23rd day of September, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge